# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOHNSON SEWER AND DRAIN** | * | |
| **CONTRACTORS, INC.,** *et al.* | * | |
| v. | * | Civil Action No. CCB-18-1623 |
| **NATIONWIDE PROPERTY AND** | * | |
| **CASUALTY INSURANCE COMPANY** | * | |

## MEMORANDUM

Pending before the court is the plaintiff's motion for reconsideration. Johnson seeks reconsideration pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure.

"Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210–11 (4th Cir. 2017) (internal citation and quotation marks omitted). "Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for any other reason that justifies relief." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (internal citation and quotation mark omitted).[1] While

---

[1] Specifically, the rule provides that a court may relieve a party from a final judgment for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief
Fed. R. Civ. P. 60(b).

Johnson does not specify which basis it believes serves as grounds for reconsideration, the court understands from its pleading that it believes that both a clear error of law and a mistake of fact occurred in the court's dismissal of its complaint.

Johnson sets forth three arguments in support of its motion: (1) the court improperly concluded that USPS would not have paid a subrogation claim had Johnson asserted it; (2) the Delaware Workers Compensation Statute should have been applied, and, had it been applied, would have entitled Johnson to seek subrogation of the workers compensation claim; and (3) the court misapplied Maryland's good faith and fair dealing principle.

All three of these arguments are unpersuasive. First, contrary to Johnson's claim, the court was not unaware of paragraph 53 of the complaint; it simply disagreed with the legal conclusion it proffered, especially considering the contradictory language in paragraph 22 of the complaint. *See EndoSurg Med., Inc. v. EndoMaster Med., Inc.*, 71 F. Supp. 3d 525, 541 (D. Md. 2014) ("In considering the sufficiency of a complaint alleging breach of contract, any ambiguity or uncertainty in the allegations is to be construed against the pleader." (internal citation and quotation marks omitted)).

Not only did the complaint present an obvious ambiguity, but it also contained an incorrect conclusion of law. At the heart of the case is the fact that Johnson never paid for any portion of the workers compensation claim. Any reimbursement of the workers compensation claim necessarily would go to Nationwide, with which Johnson insured itself for the precise purpose of avoiding paying out of pocket for large workers compensation claims. Johnson is not entitled to reimbursement, having spent no money on the claim itself, and therefore cannot subrogate an expense it did not incur. Neither Delaware nor Maryland workers compensation statutes entitle employers to reimbursement for nonexistent expenses.

To the extent Johnson claims it is entitled to relief because it should have been permitted to seek a subrogation claim against USPS *despite not being entitled by law or reason to do so*, the court has no grounds to permit parties to litigate a case based on lost extrajudicial opportunities. Based on the parties' contract and the surrounding law, Johnson had no legal right to pursue a subrogation claim against USPS. It is of no matter that Johnson speculates that, despite Johnson's lack of legal remedy, USPS *may* have agreed to subrogate the workers compensation claim even if Johnson had no legal right to such. Without a legal right at stake, there is nothing here for the court to enforce or remedy.

Further, contrary to Johnson's claims, the court *did* apply the DWCA to the facts in this case, and found that it, much like the MWCA, only permitted reimbursement of workers compensation expenses. Johnson, again, had no such expenses.

Finally, regarding Johnson's good faith and fair dealing claim, Johnson again misapprehends established law. Under Maryland contract law, the principle of good faith and fair dealing only applies to express promises. *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 184 (4th Cir. 2000). Nothing in the parties' contract constitutes an express promise by Nationwide to pursue subrogation—in fact, just the opposite is true, as the contract's only mention of subrogation constitutes an express promise by Johnson not to interfere with Nationwide's right to pursue subrogation.

Accordingly, the court will deny Johnson's motion for reconsideration. A separate order follows.

8/26/19
Date

*CCB*
Catherine C. Blake
United States District Judge

3